UNITED STATES BANKRUPTCY COURT District of Arizona

## Notice of
## Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on 1/8/10.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
KEVIN DUANE CULLENS
24212 NORTH 181 DRIVE
SURPRISE, AZ 85387

| Case Number: <br> 2:10−bk−00495−EWH | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos: <br> xxx−xx−5132 |
|---|---|
| Attorney for Debtor(s) (name and address): <br> JOSEPH W. CHARLES <br> PO BOX 1737 <br> GLENDALE, AZ 85311−1737 <br> Telephone number: 623−939−6546 | Bankruptcy Trustee (name and address): <br> RUSSELL BROWN <br> CHAPTER 13 TRUSTEE <br> SUITE 800 <br> 3838 NORTH CENTRAL AVENUE <br> PHOENIX, AZ 85012−1965 <br> Telephone number: 602−277−8996 |

## Meeting of Creditors

Date: **February 17, 2010**           Time: **03:30 PM**

Location: **US Trustee Meeting Room, 230 N. First Avenue, Suite 102, Phoenix, AZ**

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:

For all creditors (except a governmental unit): **5/18/10**     For a governmental unit (except as otherwise provided in Fed. R. Bankr. P. 3002 (c)(1)): **7/7/10**

### Creditor with a Foreign Address:

A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to File a Complaint to Determine Dischargeability of Certain Debts: 4/19/10**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Filing of Plan, Hearing on Confirmation of Plan
You will be sent separate notice of the hearing on confirmation of the plan.

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| **Address of the Bankruptcy Clerk's Office:** <br> U.S. Bankruptcy Court, Arizona <br> 230 North First Avenue, Suite 101 <br> Phoenix, AZ 85003−1727 <br> Telephone number: (602) 682−4000 | **For the Court:** <br> Clerk of the Bankruptcy Court: <br> Brian D. Karth |
|---|---|
| Hours Open: Monday − Friday 9:00 AM − 4:00 PM | Date: 1/11/10 |

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a)(2) or (4), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Dismissal of Case | This case shall be dismissed if the debtor(s) fail to appear at the meeting of creditors or fail to timely file all required schedules and statements. |

**All individual debtors must provide photo identification and proof of social security number to the trustee at the meeting of creditors. Failure to do so may result in your case being dismissed.**

Refer to Other Side for Important Deadlines and Notices

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

### NOTICE OF CERTAIN PROVISIONS OF LOCAL BANKRUPTCY RULES 2084–1 through 2084–26

These Rules implement procedures for Chapter 13 cases filed under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and apply to all Chapter 13 cases filed on or after October 17, 2005. The following does not include all provisions of these Rules. The complete Rules can be viewed at *www.azb.uscourts.gov*.

### Plan.

    a. In addition to the requirements of 11 U.S.C. § 1322(a), a plan shall have:
        1. The debtor's estimate of the value of each secured claim, the method of determining the value, (examples such as Kelley Blue Book, appraisal, or debtor opinion) and the amount to be paid on each secured claim;
        2. The interest rate to be paid on each mortgage arrearage or other secured claim;
        3. A statement that the debtor has filed all tax returns or which returns are unfiled;
        4. The signatures of the debtor and debtor's attorney, in the form allowed or required by the ECF interim operating order; and
        5. A Local Form 13–2 plan analysis.
    b. Other than the original plan, a plan filed before entry of an order of confirmation of a plan shall be entitled "Amended Plan." In an amended plan, a debtor needs only to include those terms and conditions that differ from the original plan.
    c. A plan filed after entry of an order of confirmation of a plan shall be titled as a "Modified Plan." In a modified plan, a debtor needs only to include those terms or conditions that differ from the plan confirmed by the Court and the order confirming plan.

### Adequate Protection Payments.

    a. A plan shall propose monthly adequate protection payments to creditors secured by depreciating personal property to be included in the plan payments, beginning with month one. Unless the Court orders otherwise, the debtor shall not make adequate protection payments directly to any creditor or reduce the amount of the plan payments made to the trustee for any amount attributable to the adequate protection payments.
    b. The trustee is authorized to make pre–confirmation adequate protection payments to one or more secured creditors if:
        1. The plan provides for payment of the adequate protection payments;
        2. The debtor's Schedule D discloses the debt and describes the collateral;
        3. The creditor has filed a secured proof of claim, with documentation evidencing a perfected security interest, that asserts a purchase money security interest in the personal property;
        4. The debtor or creditor sends a letter to the trustee requesting payment of pre–confirmation adequate protection payments set forth in the plan along with a copy of the secured proof of claim; and
        5. The collateral is depreciating and the amount of the adequate protection payments approximates the depreciation, which for motor vehicles is generally in the range of 1% of the value of the vehicle per month.
    c. Payment of pre–confirmation adequate protection payments is without prejudice to the secured creditor's right to object to the plan, or seek a determination as to the value of the secured claim or amount necessary to provide adequate protection.
    d. The trustee is entitled to take the percentage fee from all adequate protection payments received or collected. To the extent the trustee has funds on hand, the trustee shall begin making pre–confirmation adequate protection payments if the trustee receives the letter requesting pre–confirmation more than ten business days before the trustee's scheduled monthly distribution; otherwise the trustee will distribute adequate protection payments beginning with the next month's distribution.If the debtor has paid an insufficient amount of money to pay adequate protection payments in full, the trustee shall pay the creditors in pro rata amounts.
    e. If the trustee has not made pre–confirmation adequate protection payments, the trustee promptly shall disburse the adequate protection payments after the Court confirms the plan. If the Court dismisses the case before confirmation of a plan, the trustee will pay the creditor any adequate protection payments due and owing from funds received by the trustee under § 1326(a)(1)(A), less the statutory trustee's fee, then allowed administrative expenses. If the trustee is required to pay adequate protection payments to more than one

creditor but the trustee has an insufficient amount of money to pay them in full, the trustee shall pay the creditors in pro rata amounts.

## Serving the Plan or Motion for Moratorium.

    a. The debtor shall serve on creditors, as required by § 342 and F.R.B.P. 7004 and 9014, the plan (original, amended, modified) and plan analysis, or any motion for a moratorium, and a notice containing the appropriate deadlines set forth below. A debtor must serve a motion for a moratorium in the same manner as a plan.

    b. A debtor needs only to serve nonmaterial changes in an amended or a modified plan on the trustee and those creditors affected by the changes. To be regarded as nonmaterial, the modification must not delay or reduce the dividend to be paid on any claim or otherwise modify the claim of affected creditor's consent. A material modification is considered a plan amendment or modification and must be noticed accordingly.

    c. The notice served with a plan or motion for a moratorium must be in a form that complies with this General Order and is approved by the chapter 13 trustee. Noticing out the plan or a motion for a moratorium without the notice is insufficient.

    d. If the debtor is unrepresented by counsel, the debtor is required timely to notice any plan or motion through the trustee. The trustee will direct how the debtor is to do the noticing and will select, with the approval of the United States Trustee, the mailing/copying service used by the debtor. The debtor shall pay the cost of this noticing.

    e. Unless the Court for cause orders otherwise, a debtor must accomplish service as follows:

        1. For the original plan, the debtor must serve it within five business days of filing it or within 25 days after the petition date, whichever is earlier.

        2. For an amended plan or pre−confirmation motion for a moratorium, the debtor must serve it within five business days after filing it.

        3. For a modified plan or post−confirmation motion for a moratorium, the debtor must serve it within five business days of filing it.

    f. If the debtor fails timely and properly to serve the original plan, within 25 days of the petition date, the trustee, in the trustee's discretion, may continue the meeting of creditors for a sufficient period for the debtor to notice out the plan and for creditors to receive at least 25 days of notice. The debtor shall contact the trustee for the date and time of the continued meeting of creditors. Using an updated master mailing list, the debtor shall notice out the continued meeting to all parties entitled to notice and file a certificate of service within three business days after receiving the continued date and time from the trustee. Also, within the same period, the debtor shall notice out the plan and the notice containing the deadline for creditor objections. If the debtor is pro se, the noticing of the plan and continued meeting of creditors may be combined. The new deadline for creditor objections shall be 10 calendar days after the date of the continued meeting of creditors or 25 days after service, whichever is later. If the Court dismisses the debtor's case before the debtor attends a meeting of creditors and then reinstates the case, the debtor shall notice or re−notice out the plan to creditors and file a certificate of service within three business days of receipt of the rescheduled meeting of creditors. The deadline for creditor objections shall be 10 days after the date of the meeting of creditors or 25 days after service, whichever is later.

    g. After the debtor serves any plan, motion for a moratorium, continued meeting of creditors, or reinstatement order, the debtor shall file a certificate of service within five business days. The certificate of service may be incorporated into the notice. The debtor shall attach a copy of the document being noticed out, the mailing list used, and the notice mailed to the certificate of service. Instead of attaching the document noticed out, the certificate and docket entry may contain the appropriate reference to the ECF docket number for that document. The debtor must use a master mailing list downloaded from the Court within five business days before the noticing. The mailing list attached to the certificate of service must contain the PACER/ECF information.

    h. If the debtor fails timely to file and properly serve any plan or motion for a moratorium, or timely file a certificate of service, the trustee may upload, and if uploaded shall serve, a proposed dismissal order and, after 10 days, the Court may dismiss the case without further notice or a hearing.

## Creditor Objection to Plan or Motion for Moratorium.

    a. Time for filing creditor objection:

        1. For an original or amended plan, or pre−confirmation motion for a moratorium, the deadline for a creditor to file an objection to confirmation is 10 calendar days after the date set for the meeting of creditors or 25 days after service, whichever is later.

        2. For a modified plan or post−confirmation motion for a moratorium, the deadline for a creditor to file an objection to confirmation is 25 days after the date of service.

    b. The failure of a party in interest timely to file an objection to confirmation of a plan or the granting of a motion for a moratorium shall constitute acceptance of the plan or motion pursuant to 11 U.S.C. § 1325(a)(5)(A) and a waiver of the requirement that the Court hold a confirmation hearing within 45 days after the date of the meeting of creditors. Notice of the waiver of the 45–day confirmation hearing requirement and acceptance of the plan due to a creditor's failure timely to object shall be conspicuous in the notice of date to file objections served on all creditors.

    c. A secured creditor who disagrees with the valuation of the creditor's secured claim in the plan and who files an objection, shall state in the objection the creditor's estimate of the value of the collateral, the method of determining the value, and the amount of claim that is secured. Upon receipt of the creditor's objection, the debtor shall make the collateral available to the creditor for inspection and appraisal.

## Trustee's Recommendation/Objection.

    a. For any plan or motion for a moratorium, the trustee shall file a recommendation/ objection by 25 days after the date set for the creditor objections.

    b. The debtor shall comply with any requirements stated in the trustee's recommendation/objection requesting documentation or information, to move the case procedurally toward confirmation of the plan, or to pay any delinquent plan payments. Within 30 days after the trustee files the recommendation/objection, the debtor shall comply with the trustee's requests. If the debtor timely fails to comply, the trustee may upload a dismissal order. If the trustee objects to the fees requested by debtor's counsel, counsel shall provide to the trustee a statement reflecting what work was done for the debtor and the time spent on each task. The statement may be as time sheet summaries.

    c. If the debtor makes no plan payments by the deadline for the trustee's recommendation set above, the trustee may upload an order dismissing the case rather than file a recommendation/objection.

## Confirmation Hearing or Hearing on Objection.

    a. Unless the Court orders otherwise, a hearing on a creditor's objection is not a hearing requiring attendance of the trustee.

    b. A creditor who timely files an objection to plan confirmation may request a hearing on the objection from the Court prior to the expiration of the last date for filing an objection to plan confirmation. The failure of a creditor timely to request a hearing will constitute a waiver of the requirement that the Court hold a confirmation hearing within 45 days after the date of the meeting of creditors.

    c. Anytime after expiration of the time for a creditor to object, the debtor, trustee, or creditor may request the Court set a confirmation hearing rather than a hearing on an objection. Any order or notice setting a confirmation hearing must clearly state whether the debtor, debtor's attorney, trustee, and any creditor with an unresolved objection must appear at the hearing.

## Confirmation of Plan or Granting of Motion for Moratorium.

The Court may confirm a plan or grant a motion for a moratorium without a confirmation or other hearing if:

    a. There are no timely objections filed by creditors and the trustee recommends confirmation or approval; or

    b. The trustee and all objecting creditors agree to a stipulated order.

## Trustee Motion to Dismiss.

    a. A motion to dismiss filed by the trustee because the debtor is delinquent in one or more plan payments may provide for dismissal of the case unless, within 30 days of the trustee filing the motion, the debtor does one of the following:

        1. Pays the trustee the amount of the delinquent plan payments or gets an informal agreement with the trustee to catchup the payments;

        2. If the debtor is otherwise eligible, files with the Court, and serves a copy on the trustee, a notice of conversion to Chapter 7; or

        3. Files and serves a motion for a moratorium of the delinquent plan payments.

    b. If the debtor timely fails to do one of the acts in paragraph (a), the trustee may upload an order dismissing the case and, the Court may summarily dismiss the case.

**Debtor's Objection to Proposed Dismissal Order.**

If the debtor files an objection to a proposed dismissal order, the debtor must state what issues are resolved, what issues remain, and what has been done to move the plan toward confirmation.

**Reinstatement of Dismissed Cases.**

If the Court dismisses a case on motion of the trustee or pursuant to SectionVIII, the Court may grant a motion to reinstate the case without a hearing if the trustee approves the proposed reinstatement order. If the trustee does not approve the order, the debtor may set the matter for hearing. The Court may set a hearing on the motion to reinstate on request of an interested party who had joined the trustee's dismissal motion.

**Priority or Secured Claims.**

A claimant filing a secured or priority claim must file it electronically.

**Stay Relief to Secured Creditor.**

When a stay relief order unconditionally permits a creditor to foreclose or repossess its collateral, the trustee shall cease making payments on the creditor's secured claim if the trustee received the order more than five days before a monthly plan distribution, unless the order granting stay relief provides otherwise. The trustee may continue distributions to other creditors.

**ENTERED BY THE COURT**

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT District of Arizona | PROOF OF CLAIM |
|---|---|

| Name of Debtor: KEVIN DUANE CULLENS | Case Number:      10-00495 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br><br><br><br><br><br> | **Court Claim Number:**_____<br>(*If known*)<br><br><br><br> |
| Telephone number: | Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br> | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Telephone number: | ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**              $_____<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** _____<br>(See instruction #2 on reverse side.)<br>**3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>     **3a. Debtor may have scheduled account as:** _____<br>          (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:**  ☐ Real Estate      ☐ Motor Vehicle      ☐ Other<br>**Describe:**<br><br>**Value of Property: $_____  Annual Interest Rate___%**<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any: $_____  Basis for perfection:** _____<br><br>**Amount of Secured Claim: $_____  Amount Unsecured: $_____** | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$_____<br><br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| **Date:** | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | **FOR COURT USE ONLY** |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a):**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)** Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# CERTIFICATE OF NOTICE

The following entities were noticed by first class mail on Jan 13, 2010.
```
db              +KEVIN DUANE CULLENS,    24212 NORTH 181 DRIVE,    SURPRISE, AZ 85387-9704
aty              JOSEPH W. CHARLES,    PO BOX 1737,    GLENDALE, AZ  85311-1737
tr               RUSSELL BROWN,    CHAPTER 13 TRUSTEE,    SUITE 800,    3838 NORTH CENTRAL AVENUE,
                 PHOENIX, AZ  85012-1965
8801133         +Barclays Bank,    Phillips and Burns,    461 Ellicott 3rd Floor,    Buffalo NY 14203-1544
8801135          CHASE CARD MEMBER SERVICE,    P.O. BOX 100044,    PALATINE IL 60094-4014
8801137         +CITI CARDS/ MC Credit Card,    P.O. BOX 45129,    Jacksonville FL 32232-5129
8801139         +CLIENT SERVICES, INC,    3451 HARRY TRUMAN BLVE,    SAINT CHARLES MO 63301-9816
8801134         +Capital One Finance,    3905 Dallas Parkway,    Plano TX 75093-7892
8801138         +City of Phoenix,    251 West Washington,    Phoenix AZ 85003-2245
8801141         +FIA Card Services,    Creditors Exchange,    80 Holtz Drive,    Buffalo NY 14225-1470
8801142         +Home Depot Credit,    PO Box 689100,    Des Moines IA 50368-9100
8801145          MBNA AMERICA BANK/MC,    PO BOX 15102,    Wilmington DE 19886-5102
8801148          NCO FINANCIAL SYSTEMS,    P. O. Box 15740,    Wilmington DE 19850-5740
8801149         +PORTFOLIO RECOVERY SERVICES,    PO BOX 3502,    Norfolk VA 23514-3502
```

The following entities were noticed by electronic transmission on Jan 11, 2010.
```
smg              EDI: AZDEPREV.COM Jan 11 2010 19:43:00      AZ DEPARTMENT OF REVENUE,    BANKRUPTCY & LITIGATION,
                 1600 W. MONROE, 7TH FL.,    PHOENIX, AZ  85007-2650
8801131         +EDI: AMEREXPR.COM Jan 11 2010 19:43:00      AMERICAN EXPRESS,    Box 0001,
                 Los Angeles CA 90096-8000
8801132         +EDI: ARSN.COM Jan 11 2010 19:43:00      ASSOCIATED RECOVERY SYSTEMS,    P.O. BOX 469046,
                 Escondido CA 92046-9046
8801136          EDI: CHRYSLER.COM Jan 11 2010 19:43:00      CHRYSLER FINANCIAL,    5225 Crooks Road,    Suite 140,
                 Troy MI 48098
8801140         +EDI: BANKAMER.COM Jan 11 2010 19:43:00      FIA Card Services,    PO Box 15137,
                 Wilmington DE 19850-5137
8801144          EDI: IRS.COM Jan 11 2010 19:43:00      INTERNAL REVENUE SERVICE,    P. O. Box 1301,
                 Charlotte NC 28201-1301
8801143          EDI: IRS.COM Jan 11 2010 19:43:00      INTERNAL REVENUE SERVICE,    PO Box 24017,
                 Fresno CA 93779-4017
8801145          EDI: BANKAMER2.COM Jan 11 2010 19:43:00      MBNA AMERICA BANK/MC,    PO BOX 15102,
                 Wilmington DE 19886-5102
8801146         +E-mail/Text: ext_ebn_inbox@navyfederal.org                     Navy Federal Credit Union,
                 PO Box 3100,    Merrifield AZ 22119-3100
8801147         +E-mail/Text: ext_ebn_inbox@navyfederal.org                     Navy Federal Credit Union,
                 PO Box 3100,    Merrifield VA 22119-3100
                                                                                       TOTAL: 10
```

```
        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jan 13, 2010**                    **Signature:** _Joseph Speetjens_